IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



**UNITED STATES OF AMERICA**

v.  Criminal No. **2:15CR07**

**DWAYNE BANKS,**

Petitioner.

## MEMORANDUM OPINION

Dwayne Banks, a federal inmate proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 224). In his § 2255 Motion, Banks contends that he failed to receive the effective assistance of counsel because his counsel should have moved to continue Banks's sentencing so that Banks could receive the benefit of Amendment 794 to Sentencing Guidelines.[1] As the Court previously explained to Banks, Amendment 794 would not have altered the sentence the Court imposed on Banks. Accordingly, for the reasons stated more fully below, the § 2255 Motion will be DENIED.

### I. Procedural History

Banks pled guilty to conspiracy to manufacture, distribute, and possess with intent to distribute one kilogram or more of heroin. (ECF No. 69, at 1–2; ECF No. 151, at 1.) The matter was set for sentencing on October 30, 2015. (ECF No. 154, at 1.) Banks's Base Offense Level was 30. (ECF No. 240–2, at 17.) Banks received a 2–level enhancement for obstruction of justice and 2–level reduction for acceptance of responsibility. (*Id.*) Banks's Criminal History Category

---

[1] Amendment 794, which became effective on November 1, 2015, "amended the Commentary to the Sentencing Guidelines at § 3B1.2, which addresses a defendant's mitigating role in the offense. Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should consider when determining whether to apply a mitigating role adjustment." *Orji v. United States*, Nos 1:13–CR–79, 1:16–CV–134, 2017 WL 1091784, at *1 (E.D. Va. Mar. 22, 2017).

was IV, resulting in an advisory Sentencing Guideline range of 135 to 168 months. (*Id.*) The Court sentenced Banks to 135 months of imprisonment. (ECF No. 192, at 2.)

On August 4, 2016, Banks filed a letter asserting that he was entitled to a 2-level reduction to his Offense Level pursuant to Amendment 794, which clarifies the minor role reduction available in § 3B1.2 of the Sentencing Guidelines. (ECF No. 216.) The Court appointed counsel to file a supplemental brief on Banks's behalf with respect to his request for relief pursuant to Amendment 794. (ECF No. 217.) By Order entered on November 4, 2016, the Court denied Banks's request for relief. (ECF No. 223.) The Court concluded that Banks was not entitled to relief pursuant to Amendment 794 because: (1) the Sentencing Commission did not make Amendment 794 retroactive; and (2) "even if the Court did consider the amended §3B1.2, the defendant did not play a 'minimal' or 'minor' role in the offense." (*Id.* at 1.)

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697. That is the case here,

because Banks was not prejudiced by any failure of counsel to delay the sentencing proceedings so that Banks could take advantage of Amendment 794. Although Banks was not a leader or organizer in the conspiracy, he was not a minimal or minor participant. Among other things, Banks transported large amounts of high purity heroin from New York to Hampton Roads and then distributed a cut and expanded version of the heroin on streets of Hampton Roads. Additionally, Banks was involved in staking out the associates of a rival gang. Accordingly, Banks's claim will be DISMISSED.[2] The § 2255 Motion (ECF No. 224) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 12 December 2019
Richmond, Virginia

/s/ _____
John A. Gibney, Jr.
United States District Judge

---

[2] On April 4, 2019, Banks filed a response wherein he contends that he is entitled to relief not only under Amendment 794, but also under Amendments pertaining to "acceptance of responsibility" and "strict liability drug quantity reduction." (ECF No. 242, at 2 (capitalization corrected).) Banks fails to explain, and the Court fails to discern, the substance of his claim, much less why he is entitled to relief. The record does not suggest that Banks was entitled to a third point for timely acceptance of responsibility under § 3E1.1(b) of the Sentencing Guidelines. Banks pled guilty only days before the commencement of his scheduled jury trial, July 28, 2015. (ECF Nos. 133, 150.)