**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                                             Criminal No. **2:15CR07**

**DWAYNE BANKS,**

    Defendant.

**MEMORANDUM OPINION**

Dwayne Banks, a federal prisoner proceeding *pro se*, filed a "Motion for Reduction pursuant to both 18 USC 3582(c)(2) and Coram Nobis." (ECF No. 238.) Once a defendant is sentenced, the Court has no inherent authority to reconsider the defendant's sentence. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009)). In that motion, Banks contends that he is entitled to relief because of errors occurring at his original sentencing and in light of amendments to the Sentencing Guidelines. If Banks wishes to pursue a reduction in sentence under 18 U.S.C. § 3582, he may not raise challenges to his original sentence in such a motion. *See United States v. Dawkins*, 535 F. App'x 307, 308 (4th Cir. 2013) (explaining that challenges to an original conviction and sentence "are not cognizable in a § 3582 proceeding" (citing *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011))). Motions made by defendants under 18 U.S.C. § 3582 may only raise issues related to retroactive amendments to the United States Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States v. Mann*, 435 F. App'x 254, 255 (4th Cir. 2011). Accordingly, Banks' "Motion for Reduction pursuant to both 18 USC 3582(c)(2) and Coram Nobis" (ECF No. 238) will be DENIED WITHOUT PREJUDICE to Banks filing a separate motion under 18 U.S.C. § 3582(c)(2) and another, distinct motion attacking his original sentencing.

An appropriate Order will accompany this Memorandum Opinion.

Date: <u>22 May 2020</u>  
Richmond, Virginia

/s/ _____  
John A. Gibney, Jr.  
United States District Judge